# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| LINDA M. DEAN | PLAINTIFF |
| v. | CIVIL ACTION NO. 4:11-cv-203-CWR-LRA |
| ONE LIFE AMERICA, INC. | DEFENDANT |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant One Life, America, Inc.'s ("One Life") motion for summary judgment, Docket Nos. 43 & 44. Plaintiff Linda M. Dean ("Dean") has filed her response, Docket Nos. 48 & 49, One Life has replied, Docket No. 53, and the matter is ready for review. The motion is GRANTED.

### I. Factual and Procedural History

Dean, a former One Life employee, filed this lawsuit because she believes that she was denied a promotion, and later fired, due to her ongoing battle with breast cancer.

Dean began working at One Life in December 2007, as a member of its Commission Accounting Department. In June 2009, Dean was offered a position in One Life's Human Resources ("HR") Department, as an HR assistant. Dean accepted the offer and began working under the supervision of the HR director, Bonnie McLemore ("McLemore").

Dean was diagnosed with breast cancer in November 2009. Over the next two years Dean required the occasional absence from work, to undergo treatment-related surgeries and to recover from a treatment-related infection. Nevertheless, Dean experienced no change in pay or benefits through her cancer diagnosis and treatment. Dean's colleagues also donated vacation time to supplement her paid leave, and One Life allowed her to take additional unpaid leave when needed. On the whole, Dean's time away from the office was minimal; she continued to perform

her duties and did not believe that her performance was hurt or affected by cancer or its treatment.

McLemore announced that she was leaving her position as HR director, and Dean applied to serve as her replacement in January 2011. Dean's application marked the third time that she had expressed interest in the position. Dean first applied to be HR director in June 2008, but she was not offered the position at that time; One Life hired McLemore instead. Dean applied again in June 2010, but she eventually removed her name from consideration because she was undergoing cancer treatment at that time and did not know if the treatment would affect her ability to perform the HR director's duties.

Dean's January 2011 application led to an interview with One Life's hiring committee; the committee made recommendations to the final decisionmaker. One Life declined to offer Dean the position and informed her that another woman would fill the post. Dean remained employed by One Life as an HR assistant.

On July 12, 2011, Dean's employment was terminated pursuant to a reduction in workforce that called for the elimination of the HR assistant position altogether. The only other HR assistant was also laid off that day, along with 20 others. Two days later, Dean filed a Charge of Discrimination with the EEOC alleging that One Life had discriminated against her based on her disability. The EEOC's investigation was inconclusive; it issued a Notice of Rights on September 30, 2011.

Dean filed suit in this Court on December 15, 2011, claiming that One Life (1) unlawfully discriminated against her based on her disability, in violation of the ADA; (2) unlawfully retaliated against her for taking FMLA leave; (3) violated ERISA by unlawfully

discriminating against her as a participant in One Life's health insurance plan; and (4) unlawfully interfered with her right to approved leave under the FMLA.

One Life now moves this Court for summary judgment, claiming that Dean has failed to establish any of these claims. For the reasons stated below, the Court grants One Life's motion.

## II. Standard of Review

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When confronted with these motions, the Court focuses on "genuine" disputes of "material" facts. A dispute is genuine "if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inferences in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of that party." *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). The Court will "view the evidence and draw reasonable inferences in the light most favorable to the non-movant," *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011) (citations omitted), but unsubstantiated assertions are not competent summary judgment evidence, *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

## III. Law and Analysis

### A. Plaintiff's Conceded Claims

Before addressing the rest of her case, the Court finds that Dean has conceded two of her claims. First, Dean expressly concedes that her ERISA claim is due to be dismissed. Docket No.

3

49, at 9. Second, the Court finds that Dean has impliedly conceded her FMLA interference claim. Dean has abandoned this claim by failing to address it in her response to this motion, *id.*, even though it was argued in One Life's opening brief, Docket No. 44. "Failure to address a claim results in the abandonment thereof." *Sanders v. Sailormen, Inc.*, No. 3:10-cv-606, 2012 WL 663021, *3 & n.30 (S.D. Miss. Feb. 28, 2012) (collecting cases), *aff'd*, 12-60224, 2013 WL 69354 (5th Cir. Jan. 7, 2013).

Having abandoned both her ERISA and her FMLA interference claims, the Court only considers Dean's ADA discrimination claims and her FMLA retaliation claim.

## B. ADA Disability Discrimination

*McDonnell Douglas* burden shifting applies to Dean's ADA claims. Under this approach, "a plaintiff must first make a *prima facie* showing of discrimination by establishing that: (1) [s]he is disabled or is regarded as disabled; (2) [s]he is qualified for the job; (3) [s]he was subjected to an adverse employment action on account of [her] disability; and (4) [s]he was replaced by or treated less favorably than non-disabled employees." *McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 279-80 (5th Cir. 2000) (citation omitted). "Once the plaintiff makes [her] *prima facie* showing, the burden then shifts to the defendant-employer to articulate a legitimate, non-discriminatory reason for the adverse employment action. Once the employer articulates such a reason, the burden then shifts back upon the plaintiff to establish by a preponderance of the evidence that the articulated reason was merely a pretext for unlawful discrimination." *Id.* at 280 (citation omitted).

Cancer will "virtually always" be a qualifying disability. 29 C.F.R. § 1630.2(j)(3)(ii)-(iii) (2011). Likewise, termination and failure to promote qualify as adverse employment actions. The outstanding issues, then, are whether Dean was "qualified" for the job she sought and

whether she was terminated, or otherwise passed over for a promotion, "on account of" her disability. *McInnis*, 207 F.3d at 279.

1. *Dean's Unlawful Termination Claim*

One Life contends that Dean was fired pursuant to an ordinary reduction of its workforce, and that Dean admitted as much during her deposition, Docket No. 43-1, at 112-114. One Life argues that Dean has therefore conceded her unlawful termination claim; it further argues that, even if Dean has not conceded her claim, she has failed to produce evidence showing that she was terminated because she had breast cancer.

In response, Dean offers *no evidence* linking her disability with the circumstances surrounding her termination. One Life, therefore, has offered un-rebutted evidence that Dean's employment was terminated pursuant to an ordinary workforce reduction. Accordingly, Dean has failed to establish an essential element of her unlawful termination claim—that "[s]he was subjected to an adverse employment action on account of [her] disability," *McInnis*, 207 F.3d at 279.

2. *Dean's Failure to Promote Claim*

Dean's second claim for relief—that she was unlawfully denied a promotion—is also subject to the analysis prescribed in *McInnis*. Dean must prove that she was "qualified" for the position, and she must show that she was denied the promotion "on account of" her disability (i.e. causation). *See Dooley v. Parks & Rec. for the Parish of E. Baton Rouge*, 433 F. App'x 321, 325 (5th Cir. 2011) ("In order to make a prima facie case of discrimination under the ADA, a plaintiff must establish that she is a qualified individual with a disability and that the negative employment action occurred because of the disability.") (citation omitted). As with her unlawful

termination claim, Dean has failed to provide this Court with sufficient evidence that the she was denied the promotion "on account of" her disability.

The Court finds that Dean has provided some evidence that she was qualified for the position she sought. Supporting her allegation that she was qualified to serve as HR director, Dean points to her own deposition testimony, which attests to her 13.5 years of prior human resource experience. Docket No. 48-1. Although the Court may assume for the purposes of its analysis that this showing is sufficient, Dean cannot satisfy her burden of production based on this evidence alone.

The Court must still look to Dean for some showing that she was denied the promotion because of her disability. One Life has offered affidavits from every member of the hiring committee, averring that Dean's breast cancer was never considered, and that it had no bearing on the committee's recommendation or ultimate decision. *See* Docket Nos. 43-2; 43-3; 43-4; 43-5; 43-6. Dean, however, has not presented the Court with *any evidence* that her disability was considered by One Life's hiring committee as a reason to deny her the promotion. Dean, therefore, has not rebutted One Life's assertions, nor has she made any showing that her disability was a factor prompting One Life to deny her the promotion.

Because Dean has failed to offer evidence establishing an essential element of her prima facie case, summary judgment shall be entered in One Life's favor.

**C. FMLA Retaliation**

To prove retaliation under the FMLA, a plaintiff must show: "(1) she was protected under the FMLA; (2) she suffered an adverse employment decision; and either (3a) that she was treated less favorably than an employee who had not requested leave under the FMLA; or (3b) the adverse decision was made because she took FMLA leave." *Hunt v. Rapides Healthcare Sys.,*

*LLC*, 277 F.3d 757, 768 (5th Cir. 2001). "Close timing between an employee's protected activity and an adverse action against [her] may provide the 'causal connection' required to make out a prima facie case of retaliation," but "once the employer offers a legitimate, nondiscriminatory reason that explains both the adverse action and the timing, the plaintiff must offer some evidence from which the jury may infer that retaliation was the real motive." *McCoy v. City of Shreveport*, 492 F.3d 551, 562 (5th Cir. 2007). Ultimately, plaintiff must prove that the adverse employment action would not have occurred "but for" plaintiff's protected activity. *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568. 580 (5th Cir. 2004).

Here, Dean's claim that One Life retaliated against her for exercising her FMLA rights is based on temporal proximity alone. Dean argues that the proximity of the last date that she took leave (December 2010), to the date that she was informed that she was not selected as HR director (January 2011), is sufficient to support causation.

Indeed, the one month's separation between Dean's taking FMLA leave, and One Life's deciding that Dean would not be promoted, is sufficiently proximate to allow Dean to make her prima facie case. S*ee Everett v. Cent. Mississippi, Inc. Head Start Program*, 444 F. App'x 38, 46 (5th Cir. 2011) (finding that temporal proximity alone could constitute sufficient evidence of causation where "that proximity is 'very close'"); *see also Hypolite v. City of Houston, Tex.*, No. 12-20065, 2012 WL 4858198, *8 (5th Cir. Oct. 15, 2012) ("A causal connection based on temporal proximity can be shown when the adverse employment action occurs up to four months after the protected conduct.").

Therefore, the burden shifts to One Life to explain the adverse action and its timing. One Life has offered un-rebutted evidence that, despite its proximity to Dean's exercise of her right to FMLA leave, Dean's use of FMLA leave was not considered when it declined to promote her to

7

HR director. *See* Docket Nos. 43-2; 43-3; 43-4; 43-5; 43-6. Instead, One Life's evidence indicates that several other factors led to that decision, including concerns about the quality of Dean's work; Dean's failure to show leadership and initiative in the workplace; and the committee members' determination that Dean's interview did not present her in the best light. Docket Nos. 43-2; 43-3; 43-4; 43-5; 43-6. These reasons are supported by the evidence before the Court and provide legitimate nondiscriminatory reasons why Dean was not offered the position.

Accordingly, the Court looks back to Dean to prove that One Life's reasons are pretextual, such that the a reasonable factfinder should "infer that retaliation was the real motive." *McCoy*, 492 F.3d at 562. Dean attempts to show retaliatory animus by alleging that her supervisor based his evaluation of her performance on misinformation. These allegations, however, are not supported by any evidence entered into the record, therefore they cannot be considered at this stage of Dean's case. Similarly, Dean's other potential arguments for pretext also lack evidentiary support: Dean has not offered any evidence showing that her use of FMLA leave was considered when One Life denied her the promotion to HR director, or when it terminated her employment pursuant to its overall downsizing plan.

Under these circumstances, therefore, there is insufficient evidence to support an inference that One Life failed to promote Dean because she took FMLA leave. No reasonable factfinder could infer retaliatory animus from the evidence that Dean has provided.

## IV. Conclusion

For these reasons, One Life's motion is GRANTED. Summary judgment shall be entered in One Life's favor, and Dean's claims shall be dismissed with prejudice.

**SO ORDERED**, this the 7th day of March, 2013.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE